IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00397-BNB

BRIAN KEITH JONES,

Plaintiff,

v.

EL PASO COUNTY 4th Judicial District Court, and
STATE OF COLORADO,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Brian Keith Jones, is detained at the Criminal Justice Center in Colorado Springs, Colorado. Mr. Jones, acting *pro se*, initiated this action on February 16, 2010, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe the Complaint liberally because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an Amended Complaint.

Mr. Jones challenges his arrest and prosecution in Case No. 05M7206 claiming that he was incarcerated on September 7, 2005, and was tried in the El Paso County 4th District Court without proof that he committed the criminal offense with which he was charged. Mr. Jones seeks money damages for the fifty-six days he was illegally

incarcerated.

With respect to Mr. Jones' alleged illegal incarceration, his claims for money damages may be barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994). In ***Heck***, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Jones does not allege that he has invalidated his sentence in Case No. 05M7206. Therefore, the claim for damages challenging the validity of his criminal conviction may be barred by ***Heck***. Mr. Jones is directed to amend the Complaint and state if he was convicted and sentenced in Case No. 05M7206 and if he was convicted and sentenced also state if the conviction and sentenced were subsequently invalidated.

Mr. Jones may not sue the State of Colorado and the El Paso County 4th Judicial District Court.[1] The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See **Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989); ***Meade v. Grubbs***, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their

---

[1] Under Colo. Const. art. VI, § 10, a judicial district court is a state constitutional court.

agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Mr. Jones must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Jones must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Jones further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Jones] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jones file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jones, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Jones fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED March 11, 2010, at Denver, Colorado.

                            BY THE COURT:

                            s/ Boyd N. Boland
                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00397-BNB

Brian Keith Jones
Prisoner No. 129556
El Paso County Det. Facility
2739 E. Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of this **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/11/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk