IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00397-BNB

BRIAN KEITH JONES,

    Plaintiff,

v.

JENNIFER VIEHMAN, and
DANIEL SCOTT WILSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 07 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff, Brian Keith Jones, currently resides in Colorado Springs, Colorado. Mr. Jones, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. At the time Mr. Jones submitted the Complaint he was detained at the El Paso County Detention Facility in Colorado Springs, Colorado. On March 11, 2010, Magistrate Judge Boyd N. Boland directed Mr. Jones to amend the Complaint and state whether he was convicted and sentenced in the state criminal proceeding he is challenging and whether the conviction and sentence were subsequently invalidated. Mr. Jones also was instructed that the State of Colorado and the El Paso County 4th Judicial District Court were not proper parties to the action and was directed to name individuals who personally participated in violating his constitutional rights.

On March 29, 2010, Mr. Jones filed a Motion for Discovery claiming that he was not able to file an Amended Complaint because he did not know the names of the prosecutors in his state criminal case. Magistrate Judge Boland denied the motion for

discovery and instructed Mr. Jones that he may use fictitious names in listing defendants if he did not know the real names of the individuals as long as he provided sufficient information about each defendant, including an address, so that they could be identified for the purpose of service. Mr. Jones filed an Amended Complaint on May 3, 2010.

The Court must construe the Amended Complaint liberally because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Jones has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, therefore, will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(iii) because Mr. Jones seeks monetary relief against defendants who are immune from such relief.

Mr. Jones asserts that in the State of Colorado criminal case No. 05M7206 a warrant was issued for his arrest on October 8, 2004 for a misdemeanor assault in the third degree and for child abuse. Mr. Jones further asserts that he was illegally incarcerated from September 7 until November 1, 2005 in violation of his Fourth Amendment rights because defendants prosecuted him without probable cause and

finally dismissed his case on November 1, 2005. Mr. Jones seeks money damages.

Defendant Judge Scott Wilson is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity unless he acts in the clear absence of all jurisdiction. *See **Mireles v. Waco**,* 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Judge's involvement in Mr. Jones' criminal case is an action taken in his judicial capacity, and he was not acting in the clear absence of all jurisdiction. Therefore, the claims Mr. Jones asserts against Judge Wilson are barred by absolute judicial immunity and are legally frivolous under § 1915(e)(2)(B)(iii).

Defendant Jennifer Viehman is a district attorney. With respect to the prosecutorial activities in which defendant Viehman was involved in Mr. Jones' state criminal case, she enjoys immunity from suit under 42 U.S.C. § 1983. *See **Imbler v. Pachtman***, 424 U.S. 409, 420-24 (1976). Mr. Jones' allegations involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." ***Snell v. Tunnell***, 920 F.2d 673, 686 (10th Cir. 1990) (quoting ***Imbler v. Pachtman***, 424 U.S. 409, 430 (1976)), **cert. denied sub nom**. ***Swepston v. Snell***, 499 U.S. 976 (1991). Therefore, defendant Viehman is an inappropriate party to this action based on absolute immunity, and the claims asserted against her are legally frivolous under § 1915(e)(2)(B)(iii).

The Court also notes that, even if Mr. Jones' claims were not legally frivolous, they appear to be barred by the statute of limitations. The Court, nonetheless, will dismiss the claims as legally frivolous. Accordingly, it is

3

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

DATED at Denver, Colorado, this  6th   day of  May  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00397-BNB

Brian Keith Jones
1021 Delaware Drive
Apt. 3
Colorado Springs, CO 80909

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 5/7/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk